UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

IN RE
PAXTON P. SHANKLIN,

Case No. 2:25-cv-01400-CDS-DJA

ORDER

On August 1, 2025, pro se plaintiff Paxton P. Shanklin, an inmate in the custody of the Nevada Department of Corrections, submitted a motion requesting that the Court investigate the possibility of prison guards tampering with legal mail. (ECF No. 1-1). Plaintiff did not file an application to proceed *in forma pauperis* or a complaint. (ECF No. 1).

I.  DISCUSSION

**A. The Court denies Plaintiff's motion for an investigation.**

The Court does not conduct investigations of either criminal activity or civil rights violations. Therefore, the Court denies Plaintiff's motion for an investigation. If Plaintiff believes that prison guards are committing crimes, he may reach out to the appropriate law enforcement agency. If Plaintiff believes that his civil rights have been violated, he may seek to remedy the situation through a civil rights action. However, it is Plaintiff's responsibility to pursue his civil rights claim himself. The Court will not investigate his claim on his behalf.

**B. Plaintiff must file a complaint.**

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

If Plaintiff wishes to pursue a civil rights claim in this case, he must file a complaint by **November 7, 2025**. Alternatively, if Plaintiff does not wish to pursue a civil rights claim, he may file a motion to voluntarily dismiss this case.

### C. Plaintiff must either pay the filing fee or apply to proceed *in forma pauperis.*

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

If Plaintiff wishes to pursue a civil claim, he must pay the $405 filing fee or file an application to proceed *in forma pauperis* by **November 7, 2025**.

## I. CONCLUSION

It is therefore ordered that Plaintiff's motion for an investigation into guards tampering with legal mail (ECF No. 1-1) is **DENIED**.

It is further ordered that Plaintiff has **until November 7, 2025**, to file a complete, signed complaint on this Court's approved form.

It is further ordered that Plaintiff has until **November 7 2025**, to either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* with all three required documents: a completed application with the inmate's two signatures on page 3; a completed financial certificate that is signed both by the inmate and the prison or jail official; and a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee and filed a complaint.

The Clerk of the Court is directed to send Plaintiff Paxton P. Shanklin the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same and the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same.

DATED: August 8, 2025.

_____
UNITED STATES MAGISTRATE JUDGE